FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 19 2021

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JESSICA HESS                                                                    PLAINTIFF

VS.                    CASE NO. 3:21cv242-BSM

DELTA MEDICAL CANNABIS COMPANY, LLC                    DEFENDANT

## COMPLAINT

COMES NOW THE PLAINTIFF, by and through counsel, who for this Complaint states:

1. Plaintiff Jessica Hess is a citizen and resident of Independence County, Arkansas.

2. Delta Medical Cannabis Company, LLC, is a domestic Limited Liability Company, operating for profit in Jackson County, Arkansas, in an industry substantially impacting interstate commerce.

3. This lawsuit is brought for violation of the Americans with Disabilities Act and Section 107(a)(1) and 108 of the ACRA.

## FACTS

4. Plaintiff was employed by Defendant from March of 2020, through January of 2021.

5. Plaintiff worked security for Defendant. Security is important because it is a highly regulated, medical marijuana facility, subject to state inspections and record-keeping. They produce a product that could easily be stolen and sold for illicit purposes.

6. Plaintiff had to keep track of 110 cameras, log entries and exits, clock-in times, and deliveries as part of her job. Generally, no one filled in for her.

7. Plaintiff has anxiety and depression.

This case assigned to District Judge Miller
and to Magistrate Judge Harris

8. Defendant had more than 20 employees during more than 20 weeks of the calendar year.

8. Plaintiff was never disciplined.

9. The HR person started directing Plaintiff to do clerical work, such as bringing her paperwork, filing, handling uniforms, and accepting deliveries. She would then have to distribute materials throughout the facility.

10. This necessitated that Plaintiff be away from the her desk and the cameras, meaning that she could not make sure her primary, essential security duties were done because of those non-essential tasks that were not part of her job.

11. This caused Plaintiff to start having problems with her anxiety and depression, because she could not ensure that her security duties were being done appropriately. Symptoms included panic attacks, crying, migraines, stomach problems, going on BP medicine, having to have a cardiac workup with a 30-day monitor. Her medication for anxiety and depression was increased and the BP medicine was new. These issues substantially impaired her ability to think and concentrate, although the medications helped.

12. Plaintiff approached management about the problems she was having. They did nothing.

13. So, Plaintiff emailed HR and management, explaining her health conditions, and the effect the extra job duties were having on her ability to do the job as well as her mental state.

14. In this email, she requested accommodation. She stated that she could do the job, but that it was impossible to do it when she was not at the cameras and not able to pay attention to them. She stated this was causing her anxiety to get worse. She asked for accommodation, and listed possibilities that included elimination of marginal job functions, an assurance that she would

not be punished for security problems arising from her absence from the cameras or doing other duties and asked to talk about these issues. She said was not refusing to do any duty and would continue to work.

15. They asked for a doctor's note, so Plaintiff brought one.

16. Less than two (2) weeks after the email, they brought Plaintiff into a meeting, without warning, at the end of the day. They told Plaintiff that there was nothing in the letter that needed accommodation. They told her that they could not accommodate her and that she was not a team player and they no longer had a position for her. They were angry and yelled at her, hitting the table. They did not try to talk over any issue.

17. Plaintiff filed an EEOC charge less than 180 days after being fired, and now files suit less than 90 days after receiving a right to sue letter.

## COUNT I

18. Plaintiff realleges the foregoing as if fully stated herein.

19. By virtue of the facts alleged herein, Defendant has terminated Plaintiff in violation of the ADA and Sections 107 and 108 of the ACRA.

11. By virtue of the facts alleged herein, Plaintiff has endured mental, emotional, and physical suffering, embarrassment, damage to her reputation, and lost wages and benefits.

12. By virtue of the facts alleged herein, Defendant has intentional, willfully, recklessly, and maliciously violated plaintiff's rights under the ADA and ACRA, meriting an award of punitive damages.

## JURY DEMAND

13. Plaintiff requests a trial by jury.

**WHEREFORE, PLAINTIFF PRAYS FOR THE FOLLOWING RELIEF**: lost wages and benefits, front pay or reinstatement, compensatory damages, in an amount exceeding that required for diversity jurisdiction, designation as rehirable, cleansing of her file, a positive reference, reasonable attorneys' fees and costs, a jury trial on all matters so triable, and all other appropriate relief.

Respectfully submitted,

Lucien R. Gillham, Esq.
ARBN 99199
Attorneys for Plaintiff(s)
**SUTTER & GILLHAM, PLLC**
310 W. Conway Street
Benton, AR 72015
501/315-1910 – Office
501/315-1916 - Facsimile
Lucien.gillham@gmail.com